27　　259
19 SC ¹493

## Sterrett *versus* Wright.

Where a man occupies the lands of his father-in-law by the permission of the latter, the presumption of law is, that he was to pay such rent as the premises were reasonably worth.

There is nothing in the relationship of the parties which would raise a contrary presumption.

The *onus* of proving that no rent was to be paid is on him who seeks to be relieved of the burden.

The relationship of the parties, and their ability and condition in life, are circumstances to be submitted to the jury, to be considered by them in determining whether there was an *express* contract, that no rent was to be paid.

ERROR to the Common Pleas of *Erie county*.

This was an action of *assumpsit* by David Sterrett against Peter Wright, to recover for the use and occupation of a farm in Erie county. The defendant is the son-in-law of the plaintiff, and in 1848 the plaintiff purchased a farm of one hundred acres, divided it into two parts, and made a gift of the one-half of it to the defendant, upon which he moved with his family, and for four years afterwards continued to use and cultivate the other portion of the farm, the rent of which, per annum, the witnesses stated, would be worth from $40 to $80: to recover which this action was brought.

The court below (GALBRAITH, P. J.) ruled that "the relation existing between the plaintiff and defendant rebuts the implication of a contract, and defeats the plaintiff's right to recover in the absence of any express agreement to pay."

The jury found for the defendant.

The above instructions, *inter alia*, were assigned for error.

*Woodruff*, for plaintiff in error.—Where the defendant occupied with the permission of the plaintiff, the law will imply that the defendant promised to pay a reasonable rent: Howard *v.* Cheeseman, 3 *Ser. & R.* 500; *Roberts Dig.* 237. No gift of the use could be presumed. The evidence ought to have been submitted to the jury.

*Cutler*, for defendant in error.—This case falls within the principle of Hack *v.* Stewart, 8 *Barr* 213, Walker's Estate, 3 *R.* 243, Candor's Appeal, 5 *W. & Ser.* 513, and other cases, which are decided on the existence of the family relation: Cummins *v.* Cummins, 8 *Watts* 366; Lawson's Appeal, 11 *Harris* 85. The same principle is held applicable where a father permits personal property to go into the hands of his daughter after marriage; it will be considered a gift to the husband: 5 *U. S. Dig.* 83, § 26;

[Sterrett *v.* Wright.]

Mulliken *v.* Greer, 5 *Miss. R.* 489 ; Pendleton *v.* Mill, *Gord. Dec.* part 2, 166 ; Skinner *v.* Skinner, 4 *Iredell* 175 ; Hoe *v.* Harrison, 11 *Ala. R.* 499:

The opinion of the court was delivered by

BLACK, J.—There are five assignments of error, but only one question in the cause. The first exception is a gross violation of the rule, and the other four are all upon one point.

The defendant had the use, for several years, of his father-in-law's land, and this is an action to make him pay for it. But the judge of the Common Pleas held that without an express contract there could be no recovery for use and occupation between parties so related.

When one person receives anything of value from another, the law implies a promise that he who receives it will pay what it is worth. But this rule has its exceptions. A son, for instance, cannot charge for labour bestowed about his father's business, and a parent, or one standing in *loco parentis,* cannot recover for the maintenance of a child without distinct and clear proof of an agreement to pay. Why do we make this exception to the general rule ? One reason is, the policy which forbids us to lend any countenance to family disputes, and which commands us to encourage and foster the harmony and confidence which ought to subsist between parents and their children while dwelling together under the same roof. We have another ground for it. There is a natural presumption that these mutual services are rendered by different members of the same family from a better motive than the expectation of mere pecuniary rewards. The law, unless upon overruling considerations of policy, will not presume that to be true which common experience shows to be generally false. No contract can therefore be implied to pay for those things which it is the universal custom to give gratuitously. A person who stops at a tavern is liable to an action if he does not discharge the reckoning before he goes away ; but one who visits his relative incurs no obligation to pay for his entertainment; the difference being that in the former case a charge is always made, and in the latter nobody ever thinks of a bill.

But we are not aware that it is usual for men to occupy the lands of their fathers-in-law without paying rent or giving any account of the profits. Nor do we see how society could be beneficially affected by the establishment of such a rule. That the plaintiff allowed the defendant to occupy the land without paying for it is not a presumption which arises naturally out of their relation to one another, nor is there any policy which requires it to be legally made against the truth of the case. On every view of the subject which we are able to take, we must hold that the presumption to start with is in favour of the plaintiff's claim. The burden lies upon

[Sterrett v. Wright.]

the defendant to show that it was a gift; not on the plaintiff to prove the contrary. Of course the relationship is a circumstance to which the jury should allow its proper weight. The condition in life of the parties may also render it easier for the defendant to make out his case. The evidence that it was given gratuitously and accepted upon no other terms, needs to be strong only in proportion to the original improbability of the fact; and such a fact between parties who are rich and nearly related, is not so improbable as it would be in other circumstances. A rich man might easily be supposed to have given to his son-in-law what scarcely any amount of evidence could make us believe a poor man had given to a stranger. But the case ought to have been submitted to the jury with instructions to find for the plaintiff, unless they were satisfied on the whole evidence that the parties had an express understanding and agreement that no rent was to be paid.

Judgment reversed and <em>ven. fa. de novo</em> awarded.

LEWIS, C. J., and LOWRIE, J., dissented.