## Kline *versus* Jacobs and Wife.

1. If one occupies land by consent and permission of the owner, the jury may presume a promise to pay a reasonable rent.

2. It would be an answer to the plaintiff's claim upon an implied assumpsit that the occupancy had not been beneficial.

3. A tenant in common cannot recover in assumpsit against his fellow for the use and occupation of the common property without an express contract to pay rent.

4. Under such contract the defendant could not set up as defence that the premises were untenantable, more than any other tenant.

5. For ordinary repairs to keep the premises in the same condition, the tenant can make no set-off against rent.

6. If a tenant put permanent repairs on the premises without consent of the landlord, he cannot charge the landlord for them.

7. An express contract to pay rent may be proved under a count for use and occupation.

8. Statutes 4 Anne c. 16, § 14, and 11 Geo. II., c. 19, § 14, as to use and occupation, considered.

| | |
|---|---|
| 68 | 57 |
| 126 | 429 |
| 68 | 57 |
| 172 | 426 |
| 68 | 57 |
| 182 | 200 |
| 68 | 57 |
| 202 | 414 |
| 68 | 57 |
| 19 SC | ¹493 |
| 68 | 57 |
| 24 SC | 175 |
| 24 SC | ¹176 |
| 68 | 57 |
| 31 SC ⁴ | 60 |
| 68 | 57 |
| 35 SC ³ | 185 |

March 1st 1871. Before THOMPSON, C. J., AGNEW, SHARSWOOD and WILLIAMS, JJ. READ, J., at Nisi Prius.

Error to the District Court of *Philadelphia:* No 292, to January Term 1870.

To March Term 1868, John Jacobs and Elizabeth his wife, in her right, brought an action of assumpsit against William O. Kline. The first count in the declaration was for the use and occupation of certain farms in the state of Delaware, "used and occupied by the said defendant at his special instance and request from the said plaintiff, and by her permission," &c. The second count was that in consideration that the plaintiff had permitted the defendant to have and use the farms, he promised "to pay her so much money as she had reasonably deserved to have for the same," &c.

The plaintiff Mrs. Jacobs and the defendant were tenants in common of the farms, she being the owner of an undivided fourth part.

The plaintiffs furnished the defendant a bill of particulars, which was "for the use and occupation by the defendant of the undivided estate of plaintiff Mrs. Elizabeth Jacobs of three farms, &c., jointly owned by her and the defendant. She claims as due her five years rent * * * at $300 per annum," &c.

Plaintiffs afterwards furnished another bill of particulars, similar to the foregoing, in which she claims as due her six years rent, * * * at $500, &c.

On the trial December 4th 1869, before Hare, P. J., the plaintiffs offered to prove that the defendant agreed with Mrs. Jacobs in June 1862, to rent the farms from her and pay a reasonable rent for her share. The defendant after showing the bills of particulars, objected to the offer; it was admitted and a bill of exceptions sealed.

[Kline *v.* Jacobs.]

Maria Jacobs then testified that in a conversation between Mrs. Jacobs and defendant, he said, "How about the Delaware property?" She replied, "I cannot be going up and down to Delaware—go on and farm the farms and allow me a reasonable rent for my share." He said, "Very well, I am satisfied; I will do so."

Charles Jacobs testified to a conversation between the parties, in which Mrs. Jacobs said to the defendant, "Then you agree to take those Delaware farms and pay me a reasonable rent?" He answered, "Yes, I do."

John Jacobs testified to a conversation, in which the defendant said, there was "no way of getting at a definite rent, that he would pay a reasonable rent." The plaintiffs gave evidence to show what was a reasonable rent for the farms.

The defendant then offered to show the expenses and products of the farms; also the expenditures by him for the necessary repairs of the farms, without which they would not have been "tenantable and rentable." Both offers were rejected and several bills of exceptions sealed. The defendant testified in contradiction of the evidence of the plaintiffs. The verdict was for the plaintiffs for $862.50.

The defendant having removed the record to the Supreme Court, assigned for error the admission of the evidence offered by the plaintiffs and the rejection of that offered by himself.

*W. L. Hirst,* for plaintiff in error.

*J. C. Longstreth,* for defendants in error.—Action for use and occupation lies wherever the demise is not by deed: Stat. 11 Geo. 2, cap. xix., sect. 24; Roberts' Dig. 237. It lies where the relation of landlord and tenant subsists on an agreement express or implied: Taylor on Landlord and Tenant, sect. 636; Day *v.* Tomlinson, 5 J. B. Moore 558.

The opinion of the court was delivered, March 13th 1871, by

SHARSWOOD, J.—At common law one tenant in common could maintain an action of account against his companion only in the case where he had expressly constituted him his bailiff of his part: Co. Litt. 200, b. The statute of 4 Anne, c. 16, s. 27, Roberts' Dig. 48, introduced an amendment of the law in this respect by allowing the action against the co-tenant "as bailiff for receiving more than comes to his just share or proportion," without proof of an express contract. But neither at common law nor under any statute could assumpsit for use and occupation be maintained upon the mere occupation, though it might be shown to be permissive. Each tenant has an equal right to the possession of the whole, and without an express contract to pay rent, account was the only remedy under the statute of Anne. The statute of 11 Geo. II., c. 19, s. 14, Roberts' Dig. 237, provides that "it shall

[Kline v. Jacobs.]

and may be lawful to and for the landlord or landlords when the agreement is not by deed, to recover a reasonable satisfaction for the lands, tenements or hereditaments, held or occupied by the defendant or defendants, in an action on the case for the use and occupation of what was held or enjoyed; and if in evidence on the trial of such action, any parol demise or any agreement (not being by deed) whereon a certain rent was received, shall appear, the plaintiff in such action shall not thereupon be nonsuited, but may make use thereof as evidence of the *quantum* of the damages to be recovered." This section of the statute is reported by the judges as in force in this state: 3 Binn. 626. It is recognised also in Pott *v.* Lesher, 1 Yeates 578, and Henwood *v.* Cheeseman, 3 S. & R. 500. "Under the statute," as is said by Lord C. J. Eyre, in Naish *v.* Tatloch, 2 Hen. Bl. 323, "a landlord who has rent owing to him is allowed to recover, not the rent but an equivalent for the rent, a reasonable satisfaction for the use and occupation of the premises, which have been holden and enjoyed under the demise, by the action for the use and occupation, and it is provided on his behalf, that if the demise be produced against him, it shall not defeat his action as it would have done before the statute, but the fixed rent shall only be used as a *medium*, by which the uncertain damages to be recovered in this form of action shall be liquidated." Had the action in this case in the court below been between strangers and not tenants in common, there would have been great reason to question the soundness of the rulings of the learned judge upon the offers of evidence. For then the jury, even if they had not believed the testimony of the witnesses as to the express undertaking of the defendant to pay the plaintiff a reasonable rent, could still have found upon the contract implied from the permitted occupancy. If a defendant occupies land by the consent and permission of the plaintiff, the jury may presume a promise to pay a reasonable rent: Henwood *v.* Cheeseman, 3 S. & R. 500. It is clear that this is not so as between tenants in common. It would be an answer, however, to the plaintiff's claim upon an implied assumpsit to show that the occupation had not been beneficial: 3 Stephens' Nisi Prius 2722. But here, unless the plaintiff had succeeded in satisfying the jury that there was an express contract to pay rent she had no title to recover whatever. The defendant made this contract with his eyes open. He could not set up as a defence that the premises were untenantable to avoid the payment of any rent, any more than any other tenant could. For ordinary repairs to keep the premises in the same condition in which it was when he made the contract, he could make no set-off against the landlord's demand for rent. And if a tenant choose to put permanent repairs on the leased property without the consent of the landlord, he cannot charge them in an account with him: Long

[Kline *v.* Jacobs.]

*v.* Fitzimmons, 1 W. & S. 530; Cornell *v.* Vanartsdalen, 4 Barr 364; Hitner *v.* Ege, 11 Harris 305. Had the offers of evidence in the court below been to show the condition of the premises as bearing upon the question of what would be a reasonable rent, undoubtedly the testimony would have been pertinent and admissible. But no such offer was made; on the contrary, the first offer was expressly to show the " expenses and products of the farms;" and the second " the expenditures by defendant for the necessary repairs of the farms." To have admitted this evidence would have been in effect to turn the action into an action of account. If the object was to show that the farm was worth no rent at all, it should have been stated in such a way as not to mislead the mind of the judge from that object. It is clear, that presented in this form, the jury would have been equally drawn aside from what was the only question raised upon the pleadings and evidence. As to the first assignment of error, Pott *v.* Lesher, 1 Yeates 576, and Henwood *v.* Cheeseman, 3 S. & R. 500, are authorities in point, that an express contract to pay rent may be proved under a count for use and occupation. The terms of the statute 11 Geo. 2 are too clear to admit of controversy on this point.

Judgment affirmed.