## Baltzell v. Cook, Appellant.

*Practice, C. P.—Trial—Reservation of point of law—Landlord and tenant.*

In an action for rent where the evidence leaves it to inference as to what relation the defendant stood to the premises, and there is no admission as to what would be a reasonable satisfaction for their use if occupied by the defendant as alleged, it is error for the court to give binding instructions for plaintiff for a sum designated, subject to points of law reserved.

In such a case the right of the plaintiff to recover was dependent upon the inferences to be drawn from facts and circumstances, the only evidence of the existence of which was the parol testimony produced at the trial. It

was the exclusive province of the jury to pass upon the credibility of the witnesses, to draw the inferences arising from their testimony, and to determine the amount to which the plaintiff was entitled, if the fact of occupancy was established.

Argued Nov. 8, 1901.   Appeal, No. 219, Oct. T., 1901, by defendant, from judgment of C. P. Blair Co., Jan. T., 1899, No. 91, on verdict for plaintiffs in case of Charles D. Baltzell and J. T. Baltzell, trading as Baltzell Brothers, v. Lucius W. Cook.  Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.  Reversed.

Assumpsit for rent.   Before BELL, P. J.

The facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,446.22.   Defendant appealed.

*Errors assigned* were (1) in directing a verdict for plaintiff subject to the questions of law reserved. (4) In entering judgment for plaintiffs on the verdict.

*J. S. Leisenring*, for appellant.—It is the exclusive province of the jury to pass upon the credibility of the witnesses, weigh the evidence and ascertain the facts : Bucklin v. Davidson, 155 Pa. 362, 366 ; Lerch v. Bard, 153 Pa. 573, 575 ; Baker v. Westmoreland, etc., Nat. Gas Co., 157 Pa. 593 ; Kelly v. McGehee, 137 Pa. 443.

*Thomas H. Greevy*, for appellee.

OPINION BY W. D. PORTER, J., March 14, 1901 :

This is an action of assumpsit to recover for use and occupation by the defendant of a stable and warehouse in the city of Altoona, for the period of sixteen months ending December 22, 1898.  The plaintiffs afterwards brought another action against the defendant to recover for the occupancy of the same premises during a subsequent period.  These two cases were tried together in the court below and the records present the same questions.  The plaintiffs had leased the warehouse in question to the firm of Cook, Salmond & Cowden by an agreement in writing, for a term which would have expired on March 1,

1902. The lessees occupied and used the premises in connection with the storeroom on the opposite side of an alley in which their mercantile business was carried on. The firm became financially embarrassed in July, 1897, and their goods were sold by the sheriff. L. W. Cook, who was the father of one member of the firm, became the purchaser of the goods at sheriff's sale and subsequently carried on the business in his own name. The plaintiffs contend that L. W. Cook continued to use and occupy the warehouse during the entire period covered by these actions; this the defendant denies, but admits that he did occupy the warehouse for one month, for which he paid rent, and avers that he then surrendered the premises to the plaintiffs. The plaintiffs neither averred nor proved an express agreement upon the part of the defendant to pay rent for any period, nor that he had accepted an assignment of the original lease of Cook, Salmond & Cowden and thus became bound by the covenants thereof through privity of estate. The sole cause of action averred in the statement and attempted to be sustained by the evidence of the plaintiffs was that the defendant had entered into possession of the said stable and warehouse and occupied and used the same. The evidence was by no means clear and the relation in which the defendants stood to the premises was left to inference. The defendant might have been a subtenant of Cook, Salmond & Cowden, and, therefore, not individually liable to the plaintiffs for rent, although his goods found upon the premises would have been subject to distress. There was probably sufficient evidence to justify a finding that the original lessees had abandoned their term, and that there was an understanding among the parties that their rights in the premises were at an end, and that the defendant had entered upon the premises with the consent and permission of the plaintiffs but without any express agreement as to the amount of the rent or the duration of the term. It is certainly doubtful whether there was sufficient evidence to warrant a finding that the original lessees had assigned their term to the defendant.

The plaintiffs requested the court to charge: "That under all the evidence and the law the verdict must be for the plaintiffs in both cases, for the amount claimed to be due by the plaintiffs from the defendant." The answer of the court was :

" This point is affirmed for the present, subject to points of law reserved." The court then directed the jury to find a verdict for the plaintiffs in the sum of $1,376.27 in the present case, and in the sum of $651.98 in the case from the judgment in which an appeal is now pending at No. 229, October term, 1901, of this court. The right of the plaintiff to recover was dependent upon the inferences to be drawn from facts and circumstances, the only evidence of the existence of which was the parol testimony produced at the trial. It was the exclusive province of the jury to pass upon the credibility of the witnesses, and to draw the inferences arising from their testimony: Lerch v. Bard, 153 Pa. 573; Bucklin v. Davidson, 155 Pa. 362; Baker v. Westmoreland, etc., Nat. Gas Company, 157 Pa. 593. Even if it had been admitted that the defendant had occupied the premises with the permission of the plaintiffs, the right of the latter would have been " to recover a reasonable satisfaction; " but the amount of the recovery was for the jury to determine under the evidence: Mackey v. Robinson, 12 Pa. 170; Kline v. Jacobs, 68 Pa. 57; Brolasky v. Ferguson, 48 Pa. 434; Sterrett v. Wright, 27 Pa. 259. It is not within the power of the court to reserve a question of fact, or a mixed question of law and fact: Witman v. Smeltzer, 16 Pa. Superior Ct. 285. The affirmance of this point and reservation of the questions arising under it necessarily involve the court in the consideration of questions of fact. The learned judge of the court below very ably and impartially dealt with these questions of fact in the opinion which he filed when passing upon the questions reserved, and may have arrived at a conclusion more equitable than any that could have been reached by a jury. The law, however, does not contemplate the disposition of questions of fact in this manner. The answer to the point and the reservation of the question is assigned for error and that assignment must be sustained.

The judgment is reversed and a venire facias de novo awarded.