# Keller, Appellant, *v.* Lamb.

*Deed—Fraud—Undue influence—Ratification—Parent and child.*

A deed from a daughter to a father will not be set aside on the ground of fraud and undue influence exercised by the father upon the daughter shortly after the latter became of age, where the testimony establishes beyond doubt that with a full knowledge of all the facts the daughter, by writing, ratified the deed fourteen years after its execution when she lived with her husband away from her father's influence:

Argued April 16, 1902. Appeal, No. 38, Jan. T., 1902, by plaintiff, from decree of C. P. Luzerne Co., Jan. T., 1900, No. 2, on bill in equity, in case of Alice E. Keller and William B. Keller v. Susan Lamb, widow, and Lillian Lamb and Dunham Lamb, Jr., heirs of Dunham Lamb, deceased, and Susan Lamb, executrix. Before McCollum, C. J., Mitchell, Dean, Brown and Mestrazat, JJ. Affirmed.

Bill in equity for a partition. Before Halsey, J.

The facts appear by the opinion of the Supreme Court.

*Errors assigned* were in overruling various exceptions to the findings of the court sitting as a master.

*S. J. Henderson* and *D. L. Rhone,* for appellant.

*George R. Bedford,* with him  *W. I. Hibbs,* for appellee.

PER CURIAM, April 28, 1902:

Some time before the year 1858 Arthur Smith and Dunham Lamb became the owners in common in equal undivided interests of lot No. 122 on Main street in the borough of Pittston, Luzerne county.   It was a large lot containing over 6,000 square feet.   Lamb was married to Smith's daughter Louisa. In that year Lamb conveyed his undivided one half to Smith for the consideration of $1,750.   No change took place in that title ; in the latter part of 1858 Smith died intestate, leaving a widow and but one child, Louisa, the wife of Lamb.   As apparent from the record, the widow was entitled at her husband's death, to her statutory dower in the land.   In 1862 Louisa Lamb, the daughter, died intestate, leaving to survive her, the husband Dunham Lamb and one daughter Alice E. Lamb (afterwards married to Keller), this plaintiff.   The widow of Smith, who was entitled to a dower interest in the land, died in 1865.   Alice, the daughter, was only about a year old at her mother's death in 1862.   She remained with her father, as a member of his family, until after May, 1875, when she married William B. Keller and removed with her husband to the state of New York, where she has resided since.   On May 4, 1875, about eight months after coming of age and before her marriage, she conveyed by deed to her father the undivided one half of the lot.   The father, Dunham Lamb, remained in possession of the lot from the date of his wife's death up until the filing of this bill.   His daughter Alice files the bill praying for a partition and an account of the rents, issues and profits of the land in excess of his share, received by him during the period of his possession.   The plaintiff asked, that the deed to her father, made by her May 4, 1875, be set aside on the ground of fraud and because it was procured from her without consideration, by the undue influence of her father shortly after she became of age.   It is sufficient to say, no such issue is raised by the pleadings ; and if it were raised, the testimony establishes beyond doubt, that with a full knowledge of all the facts the daughter by writing ratified the deed fourteen years after its execution, when she lived with her husband away from her father's influence.   It must now be

taken as establishing just what it purports, a fee in her father for the undivided one half from its date.

Taking this question as settled, we think the following decree in the court's ninth conclusion of law was right:

" Ninth. The said Alice E. Keller is entitled to an account from the said defendant for the rents, issues and profits of the said premises collected by him from the     day of April, 1865, the date of the death of Louisa Smith, as to a one-third interest in fee of said land ; subject, however, in the stating of said account to the conveyance made by the said Alice E. Keller on the 4th of May, 1875, for the period of six years prior to the 16th of December, 1889, and also to the mortgage of the 17th of December, 1889, from Dunham Lamb and William B. Keller and Alice, his wife, to N. G. Parke and the paper of guaranty collateral thereto of the 17th of December, 1889."

No error in such decree is now apparent to us. A more intelligent review of the case would have been had, if the master, already appointed to state the account, had performed his duties before this appeal was filed, because then we would have had before us testimony establishing the exact character of Dunham Lamb's possession both before and since the deed of May 14, 1875 ; and it may be that after the statement of such account, the court below may feel constrained to in some particulars, modify its decree to accord with the very full opinion of SHARSWOOD, Justice, in Kline v. Jacobs, 68 Pa. 57. And with the facts more fully before the court, perhaps the scope of the decree will be modified by the Act of June 24, 1895, P. L. 237. But we will not now prejudge possible rulings of the master when he comes to state the account with all the evidence before him. For the present at least, we can see no error that calls for a reversal.

The decree therefore is affirmed.