## Barnhart, Appellant, v. Barnhart.

*Payment—Presumption of payment—Suit on recognizance.*

On a scire facias sur orphans' court recognizance issued over twenty-nine years after the recognizance was filed, the presumption of payment cannot be overcome except by positive proof of a promise to pay the particular debt for which the recognizance was given.

Argued May 7, 1902. Appeal, No. 61, April T., 1902, by plaintiff, from judgment of C. P. Somerset Co., May T., 1899, No. 223, for defendant not obstante veredicto in case of Lincoln Barnhart's use v. Adam Barnhart's Administrators et al. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Scire facias sur orphans' court recognizance.
At the trial defendants submitted the following point:
Under all the evidence and pleadings in the case the verdict

must be for the defendants.  *Answer.*  That proposition is one of law purely, arising upon the whole case, and we reserve it for further determination.

Verdict for plaintiff for $403.68.

On a motion for judgment non obstante veredicto LONGE-NECKER, P. J., filed the following opinion :

By agreement of counsel it was arranged that the trial should embrace the two recognizances on which the plaintiff sought to recover in this case.  They were dated February 1, 1864; the one to secure to John Barnhart $282.35, his distributive share in his father's estate outside of the portion secured to the widow during life and the other for $141.17, his share of the one third thus secured for the widow, who died October 29, 1869.  This suit was instituted April 7, 1899, thirty-four years after the larger sum became payable and twenty-nine and a half years after the dower portion fell due.  The record shows an assignment of John's interest in the latter one by him to his son Lincoln on September 29, 1885.  No specific demand for the payment of either sum was shown to have been made during all that time.  The presumption of payment was interposed with other pleas.

The two brothers, Adam and John, lived from 1864 until they died in the same neighborhood.  At the time of the trial all the parties to the original transaction had passed away, John having died in May, 1900, so that this litigation was conducted between their legal representatives.

The evidence shows that for a number of years previous to his assignment of the recognizance and his death, John was considerably indebted and no doubt needed the amount if anything was due him from his brother.  The presumption of payment had arisen on both of the claims years before suit was brought, and on the trial a receipt was produced showing the prompt payment of the larger one by Adam to John at maturity.

But two witnesses were called to speak of any statements or admissions by Adam concerning the alleged non payment of these claims.  Practically, they are alone relied on to overcome the presumption of payment.  One of the two, Mrs. Smith, says, on page 3 : " They (Adam and John), were talking about

this judgment and fixing up these things—taking that judgment off the docket—and he (Adam) wanted to give Pap notes for it, and he said he should take it off the docket and he would give him notes for it and he was to give us the notes; if he was to die Linc. wouldn't owe us anything." The recognizance in question had then been assigned, as the record indicates, about fourteen years previously, by John to Lincoln, and John had no interest in it.

We held that Mrs. Smith was competent as a witness on the theory that she claimed no pecuniary interest in the result of the suit, but the statement just quoted would bear a different construction.

At best the testimony of the two witnesses fails to satisfactorily identify either of the recognizances in the suit as the " judgment " or other liability spoken of in the conversations mentioned. On the evidence before them the jury very properly found the larger sum paid, and in view of the vagueness and uncertainty of the testimony by which it was sought to show that the particular debt represented by either recognizance was claimed on the one hand by John or recognized or admitted on the other by Adam, we think the case should not have gone to the jury. The law applicable to the case is well presented and fully considered in the two citations made at the argument of the pending motions to counsel for the defendants, namely, Beal's Executors v. Kirk's Administrator, and 84 Pa. 415, Gregory v. Commonwealth, 121 Pa. 611. If the proofs in those two cases were insufficient to overcome the legal presumption of payment and should not have carried them to the juries, as there held, our case is certainly in no better condition. We think the evidence should have been held, as matter of law, too vague, indefinite and uncertain to submit the case to the jury.

July 27, 1901, the rule granted on the motion for judgment for the defendants, non obstante veredicto, is made absolute, the rule for new trial discharged, and it is ordered that judgment be entered in favor of the defendant and against the plaintiff .for costs.

*Error assigned* was in entering judgment non obstante veredicto.

*Ernest O. Kooser*, for appellant, cited : Reed v. Reed, 46 Pa.

239; Yerkes v. Richards, 170 Pa. 346; Witman v. Smeltzer, 16 Pa. Superior Ct. 285.

*Charles F. Uhl, Jr.*, and *W. H. Ruppel*, with them *A. H. Coffroth*, for appellee, cited: Delany v. Robinson, 2 Wh. 503; Beale v. Kirk, 84 Pa. 415; Gregory v. Com., 121 Pa. 611; Peters's App., 106 Pa. 340.

OPINION BY ORLADY, J., February 11, 1903:

The court below was requested by the defendants to say to the jury, that under all the evidence and pleadings in the case, the verdict must be for them, which was refused for the reason that the proposition was strictly one of law, arising on the whole case. The genuineness of a receipt and certain other controverted facts were submitted to the jury and a verdict was returned in the plaintiff's favor. On motion for judgment non obstante veredicto, the testimony was reviewed by the trial judge and held to be too vague, indefinite, and uncertain to warrant the submission of the case to the jury.

The form of the reservation of a question of law has been clearly defined, and in all instances should be made as directed in Supplee v. Herrman, 16 Pa. Superior Ct. 45, Witman v. Smeltzer, 16 Pa. Superior Ct. 285, and Baltzell v. Cook, 19 Pa. Superior Ct. 490. However the appellate court will look at the substance of the reservation notwithstanding its form: Mayne v. Fidelity & Deposit Co., 198 Pa. 490.

It is true there are certain contradictions in the testimony, but, interpreting them in the most favorable light for the plaintiff, the testimony, taken as a whole, lacks directness and certainty as applied to the particular promise which had to be established by the plaintiff. The case was a very stale one. The debt sought to be recovered was demandable in 1869. This action was the first legal demand ever made, although it was brought more than twenty-nine years after the right of action accrued.

The presumption of payment was invoked and the plaintiff assumed the burden of overcoming it. In order to do this after so long a lapse of time, there should be little doubt as to the character of the proof, and a certainty as to facts testified to in identifying the indebtedness and establishing the promise.

Under all of the testimony, the court would have been justified in affirming the first point submitted by the defendants, but, acting with special caution, the learned trial judge preferred a more careful and critical examination of the testimony than it was possible to make during the hurry of the trial.

We concur in his conclusion, namely, that the evidence was insufficient to overcome the legal presumption of payment. The assignments of error are overruled and the judgment is affirmed.