## Wells, Appellant, *v.* Becker.

*Tenants in common—Leasehold estate—Right of action for use and occupation—Real estate—Act of June 24, 1895, P. L. 237.*

A tenant in common cannot maintain assumpsit against his cotenants to recover for the use and occupation of his one-half interest in a leasehold estate, in the absence of an agreement to pay rent therefor, or ouster.

The Act of June 24, 1895, P. L. 237, entitled, " An act to provide for the liability of tenants in common in possession to their cotenants out of possession," does not apply to tenants under a lease for years, but is intended to affect such owners of real estate as are joint tenants or tenants in common at common law. The words " real estate " in the act do not apply to a " chattel real " such as a leasehold.

Argued Nov. 18, 1903. Appeal, No. 37, Oct. T., 1903, by plaintiff, from judgment of C. P. Bradford Co., May T., 1901, No. 258, for defendant non obstante veredicto in case of Levi Wells v. J. J. Becker and C. W. Newman. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit for rent. Before FANNING, P. J.

At the trial defendant presented the following point:

That under all the evidence in the case the plaintiff cannot recover: *Answer :* We decline to so charge you, but reserve a question of law, in form as follows : It is conceded that from November 1, 1898, to November 1, 1899, Levi Wells, the plaintiff, was the owner of an undivided one-half interest in a creamery plant, under a lease marked " Exhibit 1," and offered in evidence, dated October 29, 1891, for a piece of land on which was erected a creamery building, for the term of nine years from date, at a rental of one dollar per annum, and J. J. Becker and C. W Newman the other half. The latter being in possession and using said premises as a creamery but without any agreement as to the payment of rent, suit is brought by plaintiff to recover the rental of said plaintiff's interest in said property. The parties being joint owners, the question of law is reserved, whether the plaintiff can maintain a suit against the defendants in this form of action, with leave to the court to enter judgment for the defendants non obstante veredicto in case of a verdict for the plaintiff, if upon further consideration

the court is of the opinion that this action cannot be maintained.

Verdict for plaintiff for $13.88. The court in an opinion by FANNING, P. J., entered judgment for defendant non obstante veredicto. Plaintiff appealed.

*Error assigned* was the judgment of the court.

*Rodney A. Mercur*, for appellant.—A leasehold is an estate in land: Titusville Novelty Iron Works' App., 77 Pa. 103; Vandergrift & Forman's App., 83 Pa. 126; Christie & Scott's App., 85 Pa. 463; Lefever v. Armstrong, 15 Pa. Superior Ct. 565; Hilton's App., 116 Pa. 351; Winton Coal Co. v. Pancoast Coal Co., 170 Pa. 437.

*William Maxwell*, for appellees.—The interest of the owner of a leasehold, while it is an interest in land, is a chattel real in possession and is not subject the lien of judgment, but is subject to levy and sale under fieri facias: Lefever v. Armstrong, 15 Pa. Superior Ct. 565; Norris v. Gould, 15 W. N. C. 187.

A tenant in common cannot recover in assumpsit against his fellow for the use and occupancy of the common property without an express contract to pay rent: Kline v. Jacobs and Wife, 68 Pa. 57; Enterprise Oil & Gas Co. v. National Transit Co., 172 Pa. 421; Browning v. Cover, 108 Pa. 595; Irvine v. Hanlin, 10 S. & R. 219.

OPINION BY HENDERSON, J., January 21, 1904:

The only effect of the statute of 4 and 5 Anne, chapter 16, section 27, so far as it relates to joint tenants and tenants in common was to give a right of action of account to one joint tenant or tenant in common against his cotenant " as bailiff for receiving more than comes to his just share or proportion:" Filbert v. Huff, 42 Pa. 97; Kline v. Jacobs, 68 Pa. 57; Norris v. Gould, 15 W. N. C. 187. This just share or proportion has been held to refer to rents or profits received by a cotenant, and not to personal use or enjoyment of joint property. It was never held in this state prior to the act of 1895, P. L. 237, that an action of assumpsit could be maintained for use and occupation by one joint tenant or tenant in common against his co-

tenant either at common law or by statute.    Each tenant had
an equal right of occupancy without liability to account to his
cotenant.    An express agreement to pay rent must be shown
to create such liability.    The mere fact of occupancy without
evidence of ouster or denial of title to the tenant out of posses-
sion did not create the relation of landlord and tenant, nor an
implied liability for use and accupation:    Kline v. Jacobs,
supra; Enterprise Oil & Gas Co. v. National Transit Co., 172
Pa. 421; Solomon v. Rogers, 13 Pa. Superior Ct. 70.

· It is assumed by the learned counsel for the appellant that ·
there is a conflict between Winton Coal Co. v. Pancoast Coal
Co., 170 Pa. 437, and Enterprise Oil Co. v. Transit Co., supra.
The former case, however, was not an action for the use and occu-
pation of land, but for the proceeds of coal mined and sold by the
cotenant, the plaintiff's title to which had been legally divested,
and as to which he could have no action for the recovery of the
coal itself.    In such a case, as was said by Judge STERRETT,
"there would seem to be no good reason why . . . . he may
not be sued in assumpsit for his cotenant's share thereof."

It is claimed, however, that the plaintiff is entitled to main-
tain this action under the act of 1895, which provides "that
in all cases in which any real estate is now, or shall be hereaf-
ter held by two or more persons as tenants in common, and one
or more of said tenants shall have been, or shall hereafter be,
in possession of said real estate, it shall be lawful for any one
or more of said tenants in common, not in possession, to sue
for and recover from such tenants in possession· his or their
proportionate part of the rental value of said real estate for the
time such real estate shall have been in possession as afore-
said."

. After a careful consideration of the statute, we are of the
opinion that it does not apply to tenants under a lease for years,
but was intended to affect such owners of real estate as were
joint tenants or tenants in common at common law.

Real estate is "landed property, including all estates and in-
terests in lands which are held for life, or for some greater
estate, and whether such lands be of freehold or copyhold
tenure:" Wharton's Law Dict. title "Real Estate."

Real property is "something which may be held by tenure,
.or will pass to the heir of the possessor at his death, instead of

his executor, including lands, tenements, and hereditaments, whether the latter be corporeal or incorporeal: " 2 Bouvier's Law Dict. title " Real Property; " 2 Blackstone's Com. 17–19.

There is nothing in the terms of the statute under consideration to indicate an intention to extend its operation to a larger class of things than that technically and commonly understood by the term real estate. On the contrary, the provision of the act that " in case of partition of such real estate held in common as aforesaid, the parties in possession shall have deducted from their distributive shares of said real estate, the rental value thereof to which their cotenant or tenants are entitled," would indicate that the legislature had in view that class of property generally described as land.

The lease on which plaintiff's action is based is a chattel,—a chattel real as distinguishable from movable property, but nevertheless a chattel. It is not subject to the lien of a judgment. It might be levied upon and sold under fieri facias: Titusville Novelty Iron Works' Appeal, 77 Pa. 103; Kile v. Giebner, 114 Pa. 381; Dalzell v. Lynch, 4 W. & S. 255; Williams v. Downing, 18 Pa. 60; Lefever v. Armstrong, 15 Pa. Superior Ct. 565. No deed from the sheriff is necessary to pass the title to his vendee. The return to the writ is evidence of title. The act providing a method for levying upon lands in execution does not apply to leaseholds. It was held in Sterling v. Commonwealth, 2 Grant's Cases, 162, that a lease for years may be seized on a warrant against the husband for deserting and refusing to maintain his wife.

No question of ouster is raised by the facts in the case. As between joint tenants there is no constructive ouster; positive hostile acts must be shown. The possession of a cotenant is presumed to be pursuant to his title and consistent with the rights of his cotenants: Bennet v. Bullock, 35 Pa. 364; Forward v. Deetz, 32 Pa. 69; Norris v. Gould, supra. It does not appear that the plaintiff was disseized by the defendants, or that they have received rents from other persons.

The act of 1895 not applying to the plaintiff's title, and no implied liability arising from the fact of occupancy by the defendants, the learned judge of the court below was not in error in entering judgment for the defendants on the point reserved. The judgment is therefore affirmed.