Geiger et ux., Appellants, v. United States Fidelity & Guaranty Co.

Argued March 11, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, PARKER, JAMES and RHODES, JJ.

*Frederick J. Templeton,* with him *Solomon Hurwitz,* for appellants.

*Paul A. Kunkel,* for appellee.

OPINION BY KELLER, P. J., April 16, 1936:

The plaintiffs on March 10, 1932 entered judgment against Margaret S. Mowers and her husband, William C. Mowers, on a bond, secured by mortgage, which contained a confession of judgment. The Mowers on May 29, 1933 obtained a rule to open the judgment, which the court, on December 5, 1933, discharged. They appealed to the Supreme Court on December 23, 1933 and filed an appeal bond with the present defendant as surety, in the sum of $500, conditioned to prosecute the appeal with effect and pay all costs and damages awarded by the Appellate Court or legally chargeable against them. No order was made pursuant to section 12 of the Act of May 19, 1897, P. L. 67, by either the lower court or the Supreme Court, that the appeal should operate as a supersedeas. On March 5, 1934 the plaintiffs issued a writ of fieri facias on said judgment. The Mowers on March 19, 1934 obtained a rule to show cause why the writ af fieri facias should not be stayed because of the pending appeal and the bond filed therein, which was submitted to the court on May 9, 1934. Before this rule was disposed of the Supreme Court, on June 30, 1934, affirmed the order of the court below. See 315 Pa. 460. Writ of fieri facias was returned 'nulla bona' on November 14, 1934.

The plaintiffs on December 1, 1934 brought this action of assumpsit against the surety on the appeal bond

averring costs and damages as follows: Plaintiffs' costs on appeal, paper book, $15.95; attorney's fee $3.00; costs on fieri facias $9.80; and amount due on judgment $4,500; and claimed to recover the principal amount of said bond, $500.

The defendant surety company filed an affidavit of defense raising a question of law under section 20 of the Practice Act of May 14, 1915, P. L. 483, and asked the court to enter judgment for defendant and against plaintiffs. The court entered judgment for the plaintiffs for $18.95, the costs due plaintiffs as appellees in the appeal to the Supreme Court. Plaintiffs appealed. The judgment must be reversed as in conflict with the provisions of the Practice Act aforesaid.

Section 20 of that Act provides a statutory substitute for the common law demurrer. When and how it may be applied was clearly set forth by Mr. Justice SIMPSON, speaking for the Supreme Court, in Rhodes v. Terheyden, 272 Pa. 397, 401, 402, 116 A. 364, as follows: "If appellee was of opinion the averment of the statement did not 'conform to the provisions' of the Practice Act of May 14, 1915, P. L. 483, he should have moved to strike it off, as provided by section 21[1]. If he believed it did 'conform to the provisions' of the act, but was not sufficiently specific, he should have taken a rule for a more specific statement, and followed this with a motion for a non pros, if the court made his rule absolute and its order was not complied with (King v. Brillhart, 271 Pa. 301, 305); this practice still obtains, notwithstanding section 21 of the act, which 'is not intended to provide a new or exclusive remedy, applicable to defective pleadings; it is simply a general enabling provision to be read in connection with the rest of the act': Parry v. First National Bank of Lansford, 270 Pa. 556, 560. The question to be decided under section 20 of the act, which provides only 'a substitute ......

[1] Since amended by Act of May 23, 1923, P. L. 325, limiting such motion to fifteen days after service of pleading.

for the common law demurrer' (Hutchinson Baking Co. v. Marvel, 270 Pa. 378, 381), is not whether the statement is so clear, in both form and specification, as to entitle plaintiff, without amendment, to proceed to trial, but whether, upon the facts averred, it shows, as a 'question of law,' that plaintiff is not entitled to recover. At times it may not be easy to determine under which of the foregoing heads an objection to a particular statement falls (though there is no such difficulty in the instant case), but, in that event, the doubt should be resolved against entering summary judgment, the power so to do being intended only for clear cases."

This ruling has never been departed from but has been consistently upheld. See, inter alia, Steel v. Levy, 282 Pa. 338, 341, 127 A. 766; Substantial B. & L. Assn. v. Real Est. Title Ins. & Trust Co., 82 Pa. Superior Ct. 211, 212, 214. A motion for judgment for the defendant under section 20 aforesaid does not authorize the court to enter any judgment in favor of the plaintiff, as was done in this case. Shifferstine v. Sitler, 264 Pa. 290, 292, 107 A. 686 (KEPHART, J.); Pottash v. Hartenfeld Bag Co., 267 Pa. 96, 99, 110 A. 147, (SIMPSON, J.). If it appears that a defect in the plaintiff's statement may be cured by amendment, he must be given opportunity and leave to amend: Rhodes v. Terheyden, supra; Leonard Seed Co. v. Burgerhoff Co., 85 Pa. Superior Ct. 381, 383. As the plaintiffs were certainly entitled to recover their costs as appellees in the appeal to the Supreme Court, it follows that this defendant was not entitled to judgment in its favor on the affidavit of defense raising a question of law under section 20; and, as the items of damage recoverable by plaintiffs were amendable, no final judgment could be entered against them at this time on the averments in the statement of claim.

We agree with the court below in its main conclusion that the giving of the appeal bond did not make the surety liable, in case the order appealed from was af-

firmed, to pay plaintiffs the principal of the original judgment up to the face of the bond. A rule to open judgment is a substitute for a bill in equity, adopted by our courts when this Commonwealth had no courts of equity, and continued after the conferring of equity jurisdiction upon our courts of common pleas because of its convenience and simplicity. If the defendants in the original judgment had filed a bill in equity, along the same lines as the motion to open the judgment, and it had been dismissed, on appeal from that decree they would not have been obliged, in order to obtain a super-sedeas, to file an appeal bond in double the amount of the judgment and all costs accrued or likely to accrue, but only in such amount as the court might determine was sufficient to cover the costs of appeal and such damages as would reasonably be suffered by the appellee by reason of the appeal and the supersedeas thereon. The section of the Act of May 19, 1897, P. L. 67, applicable would not be the sixth, relating to an appeal from an order, judgment or decree directing the payment of money, but the twelfth, viz., "In appeals from judgments and decrees in mandamus, quo warranto, contested election cases, from sentences in criminal proceedings *and all other classes of cases not herein otherwise provided for,* the appeal shall not operate as a supersedeas, unless so ordered by the court below or the appellate court or any judge thereof either by general rule or special order, and upon such terms as may be required by the court or judge granting the order of supersedeas." The twelfth section likewise applies to an appeal from an order refusing to open a judgment.

As no supersedeas was specially allowed by the court below or by the Supreme Court it follows that the appeal taken did not operate as a supersedeas and the petition to stay the writ of fieri facias should have been refused.

But while the affirmance of the order of the court be-

low by the Supreme Court did not render the surety on the appeal bond liable to pay the principal of the original judgment up to the amount of the bond, it does not follow that the plaintiffs may not be entitled to recover any damages over and above their costs as appellees. If they can prove that any damages were sustained by them because of the taking of the appeal and the giving of this bond, they should be permitted to amend their statement by setting forth such damages, and on the trial they would be entitled to a verdict for the damages so alleged and proved, in addition to the costs on appeal as aforesaid, not exceeding, of course, the face of the bond. This is the necessary result of the rulings in Rhodes v. Terheyden, supra; Substantial B. & L. Assn. v. Real Est. T. I. & T. Co., supra; and Leonard Seed Co. v. Burgerhoff Co., supra.

The judgment is reversed, with a procedendo.