## Lipschutz, Appellant, *v.* Lipschutz.

382

Argued October 7, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Joseph A. Keough*, with him *Levi, Mandel & Miller*, for appellant.

*Abraham Wernick*, for appellee.

OPINION BY BALDRIGE, J., December 21, 1936:

This action of assumpsit was brought by Rose Lipschutz, one of several tenants in common of premises located at 2416 Front Street, Philadelphia, to recover rental therefor alleged to be due under an oral agreement between her and Isaac Lipschutz and Abraham L.

Lipschutz, two of the other tenants in common, who were trading under the firm name of Lipschutz Brothers.

The statement of claim set forth that on September 5, 1916, Michael Lipschutz died intestate, seized of the Front Street property. He left to survive him a widow and five brothers, including Isaac and Abraham, who, since April 11, 1931, occupied those premises for the purposes of their business.

The widow, plaintiff herein, claiming a life interest in one-half of decedent's real estate, instituted an action in the municipal court of Philadelphia against the two brothers for the recovery of rent. During the trial of the cause, at which the parties were present, their respective counsel entered into an agreement of settlement, and stipulated in open court, and had transcribed in the notes of testimony, that "a monthly lease is to be entered into dated January 1, 1934, to pay to the plaintiff the sum of $25.00 per month." Six days after the trial and stipulation, and before a lease was executed, Abraham Lipschutz, one of the co-partners, died. Plaintiff instituted this suit against the surviving partner, who continued occupancy of the premises, claiming rent for a period of eleven months from September 1, 1934, to August 1, 1935. The statement of claim is silent respecting the rent from January 1st to September 1, 1934.

The defendant filed an affidavit of defense, raising questions of law, which were sustained by the court below without giving the plaintiff an opportunity to amend her statement, and judgment was entered for defendant on the following grounds:

1. Failure to join the personal representative of the deceased co-partner as a defendant.

2. The plaintiff, but one of several co-tenants, could not maintain an action for rent without joining the other co-tenants as party plaintiffs.

3. The contract was not enforceable as it was too indefinite in its terms, and, in addition, the statement of claim set forth no authority in the respective attorneys to enter into such a compromise.

We will discuss these reasons given by the court for its action in the order named.

1. At common law the rule was well settled that in an action at law, the surviving partners and the representatives of a deceased partner could not be joined as defendants: 47 C. J. p. 1089, sec. 695; 6 R. C. L. 880, sec. 269. This rule was long followed in Pennsylvania: *Hoskinson et al. v. Eliot et al.,* 62 Pa. 393, 404; *McClaren v. Citizens' Oil & Gas Co.,* 14 Pa. Superior Ct. 167, 174. Now section 35(b) of the Fiduciaries Act of 1917, June 7, P. L. 447, as amended by the Acts of 1921, March 30, P. L. 55, sec. 1, and 1925, May 2, P. L. 442, sec. 1 (20 PS sec. 772), is in force, and provides, inter alia, that executors or administrators "shall be liable to be sued, either alone or jointly with other defendants, in any such action, except as aforesaid, which might have been maintained against such decedent if he had lived." While this legislation makes permissible joinder of the personal representative of a deceased joint obligor, it is not mandatory. See Standard Penna. Practice, vol. 2, p. 380, sec. 61.

The failure, therefore, to join the personal representative of the deceased member of the co-partnership in this action was not error.

2. Could the plaintiff in her individual right maintain this action? The agreement relied upon by plaintiff is not based upon a common right growing out of the property, but upon a contract allegedly made between her and two of the other tenants in common concerning her own interest in the property. If this lease was entered into, it created between these parties a relationship of landlord and tenant, by which the co-

tenants were in exclusive occupancy of the property for their individual purposes, and it was the rent due her thereunder that plaintiff was trying to collect. Under the common law, each tenant in common had an equal right of occupancy without liability to account to his co-tenant. But this has been changed by the Act of 1895, June 24, P. L. 237, sec. 1 (68 PS sec. 101), which provides that in all cases, in which any real estate is held by tenants in common, and one or more shall be in possession, a tenant in common, not in possession, may sue for and recover from a tenant in possession his proportionate part of the rental value of the real estate: *Cornelius v. Cornelius,* 104 Pa. Superior Ct. 455, 160 A. 150. Prior to the Act of 1895, however, if an express agreement by one co-tenant to pay rent to the other could be shown, a liability was created, and suit could be brought by the one co-tenant: *Wells v. Becker,* 24 Pa. Superior Ct. 174. See, also, *Stewart v. Cummings,* 109 Pa. Superior Ct. 57, 165 A. 544.

The suit to recover rent individually due plaintiff was properly instituted.

3. Although an express agreement is not necessary to a recovery by one co-tenant against another, the plaintiff having pleaded an express agreement, it was incumbent upon her to prove it. The alleged agreement between the parties set forth definitely the essential requisites, to wit: when the lease was to begin, the amount of rent to be paid, and its term. The identity of the premises covered thereby cannot be in doubt. It is averred in the plaintiff's statement that the defendant took possession of the premises and remained therein during the period for which he is charged for rent. As we are considering the effectiveness of a demurrer, we must assume the facts averred to be true.

Williston on Contracts, Revised Edition, vol. 1, p. 36, sec. 28, states: "The distinction between preliminary

negotiations and completed contracts is often involved in cases where the parties contemplate the execution of a written agreement. It is everywhere agreed to be possible for parties to enter into a binding informal or oral agreement to execute a written contract. It is also everywhere agreed that if the parties contemplate a reduction to writing of their agreement before it can be considered complete, there is no contract until the writing is signed. But between these two clear situations, ambiguous ones arise as to which there is a difference."

In *Taylor v. Stanley Co. of America*, 305 Pa. 546, 158 A. 157, Mr. Justice DREW stated (p. 552): "And even if, as contended by defendant, the intention of the parties was to make a written contract later, and this was not done, in the absence of a condition precedent to that effect, and none such is claimed here, the oral contract would be valid and enforceable. Where all the terms of a contract are agreed upon and its reduction to writing is provided for, merely for proof as to its terms, such provision for a written contract is not inconsistent with a present contract, and this is especially true where the thing to be done is provided for in a written memorandum. The minds of the parties having met and reached an accord as to the essential provisions of the contract, such writing would simply exhibit just what they agreed upon and understood." See, also, 13 C. J. 290.

We concede that an attorney's general authority in the conduct of a suit is confined to those matters which arise in the regular course of the litigation and does not extend to a compromise of the action. This lease, therefore, did not bind the parties without the express authority of the clients. It was made, however, in open court, apparently in the presence and within the hearing of the clients, as it was placed upon the record of the case originally instituted.

While the plaintiff's statement does not set forth

with commendable clarity the basis of her action, we think it averred with enough certainty and definiteness the existence of a valid lease. However, in considering whether defendant is entitled to judgment on questions of law raised in his affidavit of defense, every relevant fact sufficiently averred in the statement of claim, every inference fairly deducible therefrom, and every fact of which the court can take judicial notice, must be accepted as true: *Troop v. Franklin Savings & Trust Co.*, 291 Pa. 18, 20, 139 A. 492. It is not whether the statement is so clear in both form and specification as to entitle plaintiff, without amendment, to proceed to trial, but whether, upon the facts averred, it shows, as a question of law, that she is not entitled to recover. See, also, *Geiger et ux. v. U. S. Fid. & Guar. Co.*, 121 Pa. Superior Ct. 554, 184 A. 464.

We are of the opinion that the suit was properly brought and that the case should not have been disposed of summarily upon the pleadings.

Judgment is reversed, with a procedendo.