·Euster, Appellant, *v.* Standard Accident
Insurance Co.

Argued October 4, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Maurice A. Granatoor,* for appellant.

*G. A. Troutman,* with him *Wesley, Wagoner, Troutman & McWilliams,* for appellee.

OPINION BY HIRT, J., January 30, 1940:

To plaintiff's statement,of claim, as amended by agreement of the parties, defendant filed an affidavit of defense in lieu of demurrer. After argument, the court below found that plaintiff had not pleaded a good cause of action and without giving her another opportunity to amend, entered judgment for the defendant. On the pleadings at that stage of the case, plaintiff was not entitled to recover, but if it be conceded that it was the duty of the court in disposing of the question of law, to have sustained the demurrer conditionally, entering judgment only upon plaintiff's failure to file a self-sustaining amended statement of claim within a reasonable time, yet the procedural error in not giving the plaintiff another opportunity to amend, was waived by her when she petitioned the court to open the judgment: *Winters v. Penna. R. R. Co.*, 304 Pa. 243, 155 A. 486.

On May 16, 1938, the defendant issued its open stock burglary policy to the plaintiff. By the terms of the contract the defendant in paragraph (1) agreed to indemnify the assured "for all loss, by burglary, of merchandise usual to the assured's business as described in said declaration . . . . . ." In the declaration forming a part of the contract it is stated: "Item 4. The business conducted by the assured in the premises is that of *retail furniture store."*. The liability of the company was limited by the provision "The insurance granted by this policy and the premium therefor apply specifically in the amount set opposite hereto on merchandise *usual to the business of the assured as described under item 4 hereof."* (Italics supplied). The loss for which plaintiff seeks recovery arose from the larceny, following a felonious entry, of a number of items of jewelry and one electric razor. None of the articles stolen could be classified as furniture.

In the amended statement submitted with the petition to open, plaintiff avers that the negotiations for the policy were conducted with a duly authorized agent of

the defendant and that the policy as written was not in accordance with the final agreement in that, through accident or mistake item 4 should have declared "the business conducted by the assured in the premises is that of retail furniture, jewelry, electric appliances, clothing and general home furnishings." It is averred that defendant before writing the policy sent a representative on two different occasions to inspect the property and that reports were made by them to the company showing the nature of plaintiff's business and the variety of merchandise, and with this knowledge defendant wrote the open stock burglary insurance policy. The plaintiff seeks to recover ,on the written contract as modified above. These, in conjunction with other averments of the proposed pleading if supported at the trial of this case by clear, precise, and indubitable proof, will entitle plaintiff to recover. The proposed amended statement, therefore, is self-sustaining. "It is a well known general rule that where parties have come to a mutual understanding as to the terms to be embodied in a proposed written contract or conveyance, and the writing executed is at variance with that understanding, it will be reformed to express their intention," and "where the elements required for reformation are otherwise present, even negligent failure of plaintiff to discover the variance between the instrument as written and the mutual understanding of the parties is not fatal to his right to have it reformed": *Broida v. Travelers Ins. Co.* 316 Pa. 444, 175 A. 492.

There remains the question, whether the court exceeded the bounds of proper discretion in refusing to open the judgment and grant plaintiff leave to amend: *Levine v. Roth,* 276 Pa. 244, 120 A. 115. Entering judgment for the defendant on statutory demurrer is justified under the Practice Act of May 14, 1915, P. L. 483, only when the "decision of such question of law disposes of the whole or any part of the claim." Though a statement fails to set forth a good cause of action,

yet if a plaintiff submits a self-sustaining amendment, the decision of the court based upon the original pleading does not dispose of the plaintiff's claim and the amendment should be allowed. This is not a matter of discretion with the court below but a positive duty: *Winter v. Penna. R. R. Co.*, supra. And the plaintiff in this case in moving to open the judgment has waived no rights, but is in the same position as if she had moved to amend before the entry of the judgment. It has always been the law that when the merits of the case cannot be reached without an amendment it is granted if the cause of action be not changed (*Rodrigue v. Curcier*, 15 S. & R. 81) and if not against the positive rules of law nor to the surprise nor prejudice of the opposite party: *Trego v. Lewis*, 58 Pa. 463. Even the cause of action may be changed in the amendment unless barred by the statute of limitations: *Hartley v. Penna. R. R. Co.*, 318 Pa. 566, 179 A. 440. The trend in modern practice has been toward liberality of amendment of pleadings at any stage of the proceedings in the furtherance of a just disposition of the case on the merits.

The lower court refused to open the judgment for the reason: "in these circumstances it would not be possible for the plaintiff to present such clear, precise, and indubitable evidence required in law to change the provision of the contract as contended for." The trial of the case may justify that statement but on the question of plaintiff's right to amend it was the duty of the court to accept as true "every relevant fact sufficiently averred in the [proposed amended] statement of claim, every inference fairly deducible therefrom, and every fact of which the court can take judicial notice ......": *Lipschutz v. Lipschutz*, 124 Pa. Superior Ct. 380, 188 A. 556. We are of the opinion that the amendment should have been allowed.

The order is reversed and it is directed that the rule to open be made absolute with leave to plaintiff to file her amended statement of claim within 15 days.