## PICKING et al. v. PENNSYLVANIA R. CO. et al.

### Civ. No. 1227.

District Court, M. D. Pennsylvania.

Jan. 21, 1946.

See also 3 Cir., 152 F.2d 753.

Ida M. Picking, of Baltimore, Md., for plaintiffs.

Nauman, Smith & Hurlock, of Harrisburg, Pa., for Pennsylvania R. Co.

J. McD. Sharpe, and Edmund C. Wingerd, both of Chambersburg, Pa., for J. Glenn Benedict, Watson R. Davison, H. S. Beyers, and Paul H. Winger.

Wm. M. Rutter, Deputy Atty. Gen., and James H. Duff, Atty. Gen., for Arthur H. James, J. L. Pochyba, Samuel D. Mackey, and G. J. Sweeney.

James A. Strite, of Chambersburg, Pa., for Roy G. Kell, J. L. Kell, and Mrs. J. L. Kell.

Edwin D. Strite, of Chambersburg, Pa., for W. R. Kieffer.

Wingerd & Long, of Chambersburg, Pa., for C. B. Rotz.

WATSON, District Judge.

This is a civil action in trespass, in which it appears that the defendants filed a motion to dismiss the complaint on grounds of lack of jurisdiction over the subject matter, improper venue, and insufficiency of process or service of process. The motion was granted by the District Court. 3 F.R.D. 425. That order was appealed from and reversed by the Circuit Court of Appeals, 3 Cir., 151 F.2d 240. The defendants then filed motions for more definite statement, which the plaintiff claims were in violation of Rule 12(g), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; and further, that the defendants failed to make answer within the time allowed, the motion for more definite statement allegedly having been of no effect in tolling the time for reply.

Plaintiff now moves the Court under the authority of Rule 12(g) to enter judgment by default, with damages to be ascertained by a jury, against fourteen defendants in the above entitled case.

Rule 12(g), which plaintiff claims to be controlling since it requires consolidation of motions, reads as follows: "A party who makes a motion under this rule may join with it the other motions herein provided for and then available to him. If a party makes a motion under this rule and does not include therein all defenses and objections then available to him which this

rule permits to be raised by motion, he shall not thereafter make a motion based on any of the defenses or objections so omitted, except that prior to making any other motions under this rule he may make a motion in which are joined all the defenses numbered (1) to (5) in subdivision (b) of this rule which he cares to assert."

Upon an examination of the motions previously filed, it is apparent that the defenses were all such as are contained in subsections (b) (1) to (b) (5) of Rule 12; and it is, therefore, clear that the motion of the defendants for a more definite statement was properly made.

The motion of the plaintiffs for judgment by default against the fourteen defendants is denied.