**PICKING et al. v. PENNSYLVANIA R. CO. et al.**

**Civil Action No. 1227.**

District Court, M. D. Pennsylvania.

Feb. 11, 1946.

See also 5 F.R.D. 84.

Ida M. Picking, of Baltimore, Md., for plaintiffs.

Nauman, Smith & Hurlock, of Harrisburg, Pa., for defendant Pennsylvania R. Co.

J. McD. Sharpe and Edmund C. Wingerd, both of Chambersburg, Pa., for defendants J. Glenn Benedict, Watson R. Davidson, H. S. Beyers, and Paul H. Winger.

Wm. McK. Rutter, Deputy Atty. Gen., and James H. Duff, Atty.Gen., for defendants Arthur H. James, J. H. Pochyba, Samuel D. Mackey, and G. J. Sweeney.

James A. Strite, of Chambersburg, Pa., for defendants Roy G. Kell, J. L. Kell, and Mrs. J. Kell.

Edwin D. Strite, of Chambersburg, Pa., for defendant W. R. Kieffer.

Wingerd & Long, of Chambersburg, Pa., for defendant C. B. Rots.

WATSON, District Judge.

This is a suit by Ida M. Picking and Guy W. Picking in which they claim damages totaling $1,120,050, which damages they contend were sustained by them as the result of a conspiracy entered into by and between the defendants to deprive the plaintiffs of rights guaranteed to them by the Fourteenth Amendment consummated by the overt acts of the individual defendants and the corporate defendant, and a conspiracy entered into by and between the defendants to subject the plaintiffs to false arrest and false imprisonment consummated by the overt acts of the individual defendants and the corporate defendant.

Fourteen defendants have moved for a more specific statement or bill of particulars.

The complaint is very long and is difficult to follow and understand. The best possible construction of it was made by Judge Biggs of the Circuit Court of Appeals for the Third Circuit in an opinion filed August 28, 1945, 151 F.2d 240.

■ If two persons pursue by their acts the same object often by the same means, one performing one part of the act and the other another part of the act, so as to complete it with a view to the attaining of the object which they are pursuing, this will be sufficient to constitute a conspiracy. It is not essential that each conspirator have knowledge of the details of the conspiracy, or of the exact part to be performed by the other conspirators in execution thereof; nor is it necessary that the details be completely worked out in advance to bring a given act within the scope of the general plan.

■ It is sufficient to allege that overt acts, in pursuance of the conspiracy, were done by certain of the conspirators, and it is not necessary to allege that every one of them committed an overt act; but it must be alleged that the conspirators not committing the acts either assisted therein or had knowledge thereof.

■ In the complaint in a civil conspiracy case such as this, in order to be sufficiently specific and definite, it should be alleged: (1) That the defendants conspired and agreed to do an unlawful act; (2) facts as to acts performed by each defendant in furtherance of the conspiracy, which acts were not privileged or compelled by law; (3) facts as to overt acts in pursuance of the conspiracy done by certain of the alleged conspirators; (4) facts from which the court can see, if the facts are true, the damage which would naturally or possibly result from the acts stated. It is not necessary to state in the complaint the evidence relied upon to prove such facts.

In my opinion, the complaint as to the moving defendants meets the requirements above referred to with a possible exception as to defendant James and as to defendant The Pennsylvania Railroad Company.

■ Plaintiffs are ordered and directed: (1) To specify in what manner the defendant, The Pennsylvania Railroad Company, "adopted" by "materially and physically participating in" or "instigated" the alleged unlawful acts, and also the capacity or the position of the agent, or agents, of the Pennsylvania Railroad Company taking such action; (2) to specify the acts which constitute the "active part" in the conspiracy taken by defendant James beyond the allegedly improper issuance of the Governor's warrant, and further specify the acts through which defendant James "adopted" said unlawful acts; (3) to attach to their amended complaint a certified copy of the extradition warrant issued for Guy W. Picking and the return thereon. In all other respects, defendants' motions are denied.