**PICKING et al. v. PENNSYLVANIA R. CO. et al.**

**Civil Action No. 1227.**

District Court, M. D. Pennsylvania.

June 1, 1946.

See also 5 F.R.D. 280.

Ida M. Picking, of Baltimore, Md., for plaintiffs.

Nauman, Smith & Hurlock, of Harrisburg, Pa., for defendant Pennsylvania R. Co.

J. McD. Sharpe and Edmund C. Wingerd, both of Chambersburg, Pa., for defendants J. Glenn Benedict, Watson R. Davidson, H. S. Beyers, and Paul H. Winger.

Wm. McK. Rutter, Deputy Atty. Gen. Pa., and James H. Duff, Atty. Gen. Pa., for defendants Arthur H. James, J. H. Pochyba, Samuel D. Mackey, and G. J. Sweeney.

James A. Strite, of Chambersburg, Pa., for defendants, Roy G. Kell, J. L. Kell, and Mrs. J. Kell.

Edwin D. Strite, of Chambersburg, Pa., for defendant W. R. Kieffer.

Wingerd & Long, of Chambersburg, Pa., for defendant C. B. Rotz.

WATSON, District Judge.

This case is again before the Court, this time on a motion by the defendant, The Pennsylvania Railroad Company, to dismiss plaintiffs' amended complaint as to the Pennsylvania Railroad Company, hereinafter referred to as the defendant.

This Court, in an opinion filed February 11, 1946, directed the plaintiffs to file a more definite complaint in regard to the defendant in accordance with an opinion of the Circuit Court of Appeals in Picking et al. v. Pennsylvania R. Co. et al., 3 Cir., 151 F.2d 240, 250, and plaintiffs did file an amended complaint which the defendant now moves to dismiss.

The Circuit Court of Appeals, in a well reasoned opinion by Judge Biggs, divided the complaint into three actions, the second of which was eliminated by that Court.

As to the first cause of action against the defendant, the Court said: "If the Railroad Company upon the demand of officers of Pennsylvania or New York did nothing more than transport the plaintiffs from Harrisburg to New York City, the plaintiffs being then in the custody of peace officers on warrants valid on their face, the Railroad Company can scarcely be held to have participated in a conspiracy to deprive the plaintiffs of rights guaranteed to them by the Fourteenth Amendment. Neither the defendant corporation nor any of the other defendants moved for a more definite statement of the plaintiffs' claim or for a bill of particulars pursuant to Rule 12(e) [28 U.S.C.A. following section 723c]. * * * In the absence of such action by the Railroad Company we may not conclude that the plaintiffs have not stated a valid cause of action under the Civil Rights Act against it." Following the filing of the opinion, the defendant did so move for a more definite statement, and an amended complaint was filed.

As to the third cause of action, the Circuit Court of Appeals said:

"The court below would have been correct in dismissing the third cause of action as to The Pennsylvania Railroad Company insofar as Mrs. Picking is concerned if the complaint contained no allegations other than those relating to the specific charge of illegal transportation. The complaint goes further, however, and in effect alleges that the Pennsylvania Railroad Company took part in a general conspiracy to arrest and imprison the plaintiffs. The plaintiffs should be compelled to draw out their present allegations

and particularize them. If the matter which thus comes into the pleading contains nothing more relevant to the charge of conspiracy on the part of the Railroad Company than is now asserted in the complaint, the suit should be dismissed as to The Pennsylvania Railroad Company insofar as any claim asserted by Mrs. Picking is concerned. A like ruling will be appropriate as to any claim asserted by Guy W. Picking against the Railroad Company if it shall appear that he was arrested under a governor's warrant valid on its face. * * *

"The warrant for Mrs. Picking, however, is valid upon its face and is not invalidated at least insofar as the corporate defendant is concerned by reason of the apparent discrepancy between the date of issuance of the warrant and the date of its execution.

"It is well established that a common carrier by railroad is required to accept for transportation as passengers persons in the custody of peace officers under a warrant valid on its face and that a common carrier refusing to accept such a person for transportation is liable for a penalty. (Cases cited). * * * If upon remand the governor's warrant for Guy W. Picking is made a part of the record and is similar in tenor to the governor's warrant issued for the arrest of Ida M. Picking, it will constitute a valid defense under the Railroad Company's present motion to the specific charge of illegal transportation."

I have cited portions of the opinion at length because of the peculiar nature of this case and the parties involved and because I intend to confine my decision to the issues.

As to the first cause of action I find from the exhibit attached to plaintiffs' amended complaint that the governor's warrant issued for the arrest of Guy W. Picking is identical in form with that issued for the arrest of Ida M. Picking. To find whether it is alleged that the defendant did "more than transport the plaintiffs from Harrisburg to New York City" I refer to the amended complaint. Three paragraphs, 160, 161, and 162, refer to the part the defendant is alleged to have taken in the conspiracy. Paragraph 160 alleges only that the defendant "unlawfully conspired * * * to transport Plaintiffs without authority of law in Interstate Commerce" which adds nothing to the allegations contained in the original complaint. Paragraph 161 reiterates the alleged illegal transportation and adds an allegation that the defendant took, "by its agents, a brakeman and a conductor, on said train, a money bribe from defendant, Mary Graham, for said illegal transportation." The Circuit Court of Appeals has said that the warrant of removal of Ida M. Picking was valid on its face as to the defendant and that in fact the defendant was legally bound to accept her on that ground. So the alleged bribe cannot be held to be part of a conspiracy when the act of so accepting plaintiffs for transportation was required by law and refusal by a common carrier so to act imposes liability for a penalty. Paragraph 162 contains the allegation that an unknown brakeman "violently pushed plaintiff, Ida M. Picking, * * * upon the iron steps of the train coach causing her to fall and further injure herself about the hands, arms and knees." This averment likewise in no way enlarges the allegations of the conspiracy, nor does it charge the defendant Company with any participation therein. At the most, it is an allegation of a separate and distinct tort by the employees of the defendant Company and a cause of action outlawed by the Pennsylvania Statute of Limitations, Act of June 24, 1895, P.L. 236, Sec. 2, 12 P.S. § 34. Such an additional cause of action cannot be introduced after the running of the Statute. Cox v. Wilkes Barre R. Corp. 334 Pa. 568, 6 A.2d 538; Hartley v. Pennsylvania R. Co., 318 Pa. 566, 179 A. 440; Commercial Credit Co. v. County of Northumberland, D.C., 23 F.Supp. 747.

As to the third cause of action a similar situation exists. The two warrants being identical, there can be no charge of illegal transportation and as discussed above the allegations as to a bribe and a tort by an employee of the defendant, do not in any way contain anything "more relevant to the charge of conspiracy on

236

the part of the Railroad Company" than has already been asserted in the complaint.

The motion of the Pennsylvania Railroad Company to dismiss the complaint is granted and it is ordered that the action be, and hereby is, dismissed as to the Pennsylvania Railroad Company.