EUGENE A. TRACEY,

Plaintiff Below, Appellant,

*vs.*

CURTIS FRANKLIN and BRITISH TYPE INVESTORS, INC., a corporation of the State of Delaware,

Defendants Below, Appellees.

*Supreme Court, on Appeal, December 19, 1949.*

RICHARDS, C. J., TERRY, CAREY, PEARSON and LAYTON, JJ., sitting.

*Arthur G. Logan,* of the firm of Logan, Duffy & Boggs, (*Robert V. Huber,* on brief) and *Sidney G. Kingsley,* of New York City, for plaintiff.

*Clarence A. Southerland* and *David F. Anderson,* of the firm of Southerland, Berl & Potter, for the defendants.

LAYTON, Judge, delivering the opinion of the court:

There seems ample authority that an appellate court may, under proper circumstances, grant leave to amend, or to apply for leave to amend, in a lower court. Among the situations where it would seem proper for an appellate court to grant leave to amend, or to apply for such leave below, are cases where an appellant is successful in obtaining a reversal of a judgment on the pleadings by a lower court; where an appellate court affirms a judgment of a lower court on different grounds from those held determinative in the lower court; or, doubtless, in many other situations where gross inequity would otherwise result unless leave to amend were granted. *McCarthy v. Mullen,* (*N.J.Err. & App.*) 82 *A.* 933; *Doyle v. Williams,* 137 *Me.* 53, 12 *A.* 2d 65; *Euster v. Standard Accident Co.,* 139 *Pa. Super.* 6, 10 *A.2d* 877.

However, it is an important precept of the law that the course of litigation should be shortened rather than extended and that there be a finality to litigation. Here the appellant has presented a factual basis on which he predicated his prayer for relief in the lower court. That court held that the bill should be dismissed and we arrived at the same conclusion. The Vice Chancellor's reasoning is essentially the same as ours—whether a substantial restraint on alienation is valid depends upon the particular circumstances. The Delaware cases cited by the Vice Chancellor likewise indicate this result. Compare: *Greene v. E. H. Rollins & Sons, Inc.,* 22 *Del.Ch.* 394, 2 *A.2d* 249; *Lawson v. Household Finance Corporation,* 17 *Del.Ch.* 343, 152 *A.* 723. Moreover, the language of the Vice Chancellor's opinion leaves

no doubt on this point. The following are quotations from his opinion, 30 *Del. Ch.* 407, 413, 414, 416, 417, 61 *A.* 2*d* 780, 783, 785 (Italics added) :

"Thus, this court although only passing on a demurrer, indicated that *absent special* circumstances, a restraint limiting the sale only to the corporation was unreasonable. * * *

"* * * *Nothing in the voting trust agreement or the allegations of the complaint* justifies the suspension of the power of alienation for such a period of time. * * *

"* * * I think it clear as heretofore stated that under the law of this State any restraint is invalid *unless accompanied by circumstances which would justify a reasonable restraint.* * * *

"I conclude *from the pleadings* that the voting trust agreement must be held invalid in its entirety because its illegal restraint provisions are not legally severable."

It seems clear that the Vice Chancellor's opinion must have informed the plaintiff below in effect, that although under some circumstances a different result would follow, the plaintiff could not prevail under the facts alleged in the bill of complaint. It was then that he should have sought permission to amend by alleging any other circumstances of which he was aware and which might affect the ruling of that court. Instead, plaintiff appealed at once. We regard this action of the plaintiff as an election to be bound by the final decision upon those facts which were before the lower court. To require plaintiff to make a full presentation to the lower court of all facts relevant to the controversy does not appear to us an onerous rule. To permit him to amend now under the circumstances of this case would tend unduly to protract the course of litigation, without corresponding advantage or benefit.

This plaintiff had an opportunity, immediately after the decision of the court below, to bring before that court the matters he now wishes to introduce, but instead of doing so he elected to appeal. Public policy demands that there should be a finality of litigation. The facts of this case form no exception to that salutary principle. Application denied.