**PICKING et al. v. PENNSYLVANIA R. CO. et al.**

Civ. No. 1227.

United States District Court M. D. Pennsylvania.

Jan. 2, 1951.

72

Plaintiffs pro se.

Charles J. Margiotti, Atty. Gen., H. F. Stambaugh, Sp. Counsel, Harrisburg, Pa., for defendants, G. J. Sweeney, Samuel D. Mackey, J. L. Pochyba and Arthur H. James.

Edwin D. Strite, pro se.

FOLLMER, District Judge.

This is an action for false imprisonment against twenty-five defendants and in which damages in the sum of $1,120,050 are claimed. The complaint is a ponderous tome of one hundred fifty-four paragraphs. The plaintiffs, husband and wife, appeared pro se.

Plaintiffs propounded interrogatories to be answered by various defendants, apparently pursuant to Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. In connection with some of these interrogatories there is now before the Court the following motions:

1. As to defendants G. J. Sweeney, Samuel D. Mackey and J. L. Pochyba,

(a) Motion to compel answers to interrogatories;

(b) Motion to strike answers and for judgment;

(c) Motion for order to pay reasonable expenses pursuant to Rule 37, Federal Rules of Civil Procedure.

These three defendants were members of the Pennsylvania State Police at the time of the transactions complained of by plaintiffs. Sweeney is now retired and residing in Phoenix, Arizona.

Full and complete answers were filed by the three defendants to a first set of interrogatories filed May 6, 1949, to which answers plaintiffs filed no exception or complaint. The second set of interrogatories filed August 17, 1949, are largely repetitious and argumentative. Some attempt to cross-examine and some call for conclusions. With the exception of one new interrogatory addressed to Mackey, all refer to the answers to the first set of interrogatories. It is true that defendants did not file their answers to the first set of interrogatories until ninety-one days had elapsed; plaintiffs, however, made no complaint of this delay. To the second set of interrogatories all three defendants took a little over a year to answer.

 Under Rule 33 of the Federal Rules of Civil Procedure the number of interrogatories or sets of interrogatories to be served is not limited except as justice requires to protect the party from annoyance, expense, embarrassment, or oppression. In this case, because of the nature of the second set of interrogatories and their relation to the answers to the first set, as I have above indicated, I do not feel the defendants should be held in default because of their delay in answering. The purpose of interrogatories is certainly not to cross-examine, to indulge in argumentation, nor to call for conclusions.

 As to reasonable expenses, plaintiffs appeared pro se. They are residents of Maryland, do not have local counsel, and ask to be reimbursed for travel and hotel expenses while in attendance at Court at Harrisburg. The general rule is that a party is not entitled to witness fees and mileage for his own attendance.[1] But even though the plaintiffs would ordinarily under the provisions of Rule 37 of the Federal Rules of Civil Procedure be entitled to reasonable expenses, under the facts and circumstances here involved and with particular reference to the type of the pleadings, I am definitely of the opinion that plaintiffs are not entitled to reasonable expenses; nor are they entitled to counsel fees, for here again, as stated in Ordinary v. Connolly, 75 N.J.Eq. 521, 72 A. 363, 365. "* * * The general rule is that an attorney who acts for himself is not entitled to a counsel fee against his adversary. * * *"[2]

1. Warren v. Weaver, Fed.Cas.No.17,203, 1 Wkly.Notes Cas. 107; The Wahkeena, D.C.W.D.Wash., 51 F.2d 106; The Philadelphia, D.C.E.D.Pa., 163 F. 438.

2. See also Johnston v. Ryckman, 7 Ontario Law Reports 511; Cheney v. Ricks, 168 Ill. 533, 48 N.E. 75; Garrett v. Peirce, 74 Ill.App. 225; Girtman v. Starbuck, 48 Fla. 265, 37 So. 731; Patterson v. Donner, 48 Cal. 369.

The pleadings in this case from its very inception are replete with evidences of a non-professional approach. Had counsel, learned in the law, been handling the case, the strong likelihood is that long since it would have reached a final adjudication.[3] As it is, about seven and one-half years have elapsed since the complaint was filed.[4] This sort of an approach is bound to produce problems in an effort to work substantial justice between the parties and with due regard to the provisions of the Federal Rules of Civil Procedure.

Under all the circumstances of the case I do not think the plaintiffs are entitled to reasonable expenses.

■ Answers to the interrogatories having been filed, the motion to compel answers to interrogatories is moot and accordingly refused.

Motion to strike answers and enter judgment by default against defendants is refused.

Motion for order requiring defendants to pay to plaintiffs reasonable expenses is refused.

2. As to defendant Arthur H. James,

(a) Motion to compel answers to interrogatories;

(b) Motion to compel defendant to answer interrogatories fully and sufficiently;

(c) Motion for order to pay reasonable expenses pursuant to Rule 37, Federal Rules of Civil Procedure.

This defendant was Governor of Pennslyvania during the time in which the incidents complained of herein occurred. On May 6, 1949, plaintiffs propounded ten interrogatories to defendant James, which were answered July 6, 1950. As to these interrogatories, it should be said that they all deal with routine matters that necessarily had to be handled by assistants. It is self-evident that the Governor of a State could not possibly have personal knowledge of the sort of matters which are covered by these interrogatories. The incidents referred to in the interrogatories occurred in 1941; the complaint was filed July 30, 1943, more than six months after the term of office of Governor James had expired, and the interrogatories were filed in 1949.

■ In Canuso v. City of Niagara Falls, D.C.W.D.N.Y., 4 F.R.D. 362, 365, the court held "A party interrogated need only answer matters of fact within his knowledge and is not required to express opinions."

I am of the opinion that the interrogatories have been answered satisfactorily. Therefore,

Motion to compel answers to the interrogatories is refused; the answers having been filed, the motion is moot.

Additional motion to compel defendant to answer interrogatories fully and sufficiently is refused, satisfactory answers having been filed.

Motion for order requiring defendant to pay plaintiffs reasonable expenses is refused.

3. As to Marge S. Kieffer as Administratrix of the Estate of W. R. Kieffer, Deceased,

(a) Motion to compel answers to interrogatories;

(b) Motion to strike answers of defendant W. R. Kieffer and enter judgment by default against his widow, Marge S. Kieffer, as Administratrix of the Estate of W. R. Kieffer, Deceased, as substituted party.

(c) Motion to strike motion of Edwin D. Strite, Esq., filed September 7, 1950.

(d) Motion for order to pay reasonable expenses pursuant to Rule 37, Federal Rules of Civil Procedure.

---

3. In 3 Cir., 151 F.2d 240, 244, in referring to the plaintiffs herein, the Court made this statement, "Mrs. Picking appears pro se and also for the other plaintiff, her husband. She has stated that she is a member of the bar but her pleading is inept."

4. Since its inception in 1943, various proceedings in this case are recorded as follows: D.C., 3 F.R.D. 425, reversed 3 Cir., 151 F.2d 240, rehearing denied, 3 Cir., 152 F.2d 753; D.C., 5 F.R.D. 76; D.C., 5 F.R.D. 84; D.C., 5 F.R.D. 280; D.C., 66 F.Supp. 233, affirmed, 3 Cir., 160 F.2d 106, certiorari denied 332 U.S. 776, 68 S.Ct. 38, 92 L.Ed. 361, rehearing denied 332 U.S. 821, 68 S.Ct. 143, 92 L.Ed. 397.

By Order of Court dated May 6, 1948, Marge S. Kieffer, Administratrix of the Estate of W. R. Kieffer, Deceased, was substituted for W. R. Kieffer, one of the defendants in this action. On April 18, 1949, plaintiffs propounded eight interrogatories to be answered by this substituted defendant. On April 24, 1950, plaintiffs moved the Court

(a) To compel answers to interrogatories;

(b) To pay reasonable expenses.

On September 2, 1950, plaintiffs moved the Court to strike the answers filed to the complaint by the original defendant, W. R. Kieffer, and to enter judgment against Marge S. Kieffer as Administratrix of the Estate of W. R. Kieffer, Deceased, as substituted party.

On September 7, 1950, Edwin D. Strite, Esq., "appearing in propria persona for himself and for no other person," moved the Court to strike from the record

(a) Interrogatories dated April 15, 1949, (Filed April 18, 1949) directed to Marge S. Kieffer as Administratrix;

(b) Motion dated April 22, 1950, (Filed April 24, 1950) to compel Marge S. Kieffer to answer interrogatories;

(c) Motion dated August 31, 1050, (Filed September 2, 1950) to strike the answer (Filed by W. R. Kieffer, original defendant) and enter judgment by default against Marge S. Kieffer as Administratrix of the estate of defendant W. R. Kieffer, Deceased, as substituted party.

In support of his motion, Mr. Strite avers, inter alia, that he did represent W. R. Kieffer in this action; that W. R. Kieffer died June 28, 1946, survived by his widow, Marge S. Kieffer, and no issue; that by Order of this Court of August 21, 1946, he was permitted to withdraw the appearance he had theretofore entered in behalf of W. R. Kieffer, then deceased; that he thereafter entered no appearance for Marge S. Kieffer, Administratrix of W. R. Kieffer, Deceased, and took no action in said proceeding whatever in behalf of Marge S. Kieffer as Administratrix, who was not substituted as a party defendant until May 6, 1948; that he took no steps to oppose the substitution of Marge S. Kieffer, Administratrix of the Estate of W. R. Kieffer, Deceased, for W. R. Kieffer, defendant; that on January 21, 1948 (prior to the substitution of Marge S. Kieffer as Administratrix) summons was issued directed to Marge S. Kieffer individually as a defendant, and a copy of the complaint served therewith; that on January 29, 1948, he appeared for Marge S. Kieffer individually and moved the Court to dismiss the action as to her individually, which was so directed by Order of Court of May 6, 1948; that thereafter he was attorney of record for no party to the action; that plaintiffs, knowing the facts aforesaid, filed interrogatories dated April 15, 1949, directed to Marge S. Kieffer as Administratrix, and mailed a copy to him but served no copy on Marge S. Kieffer; that copy of the motion to compel Marge S. Kieffer, Administratrix, to answer interrogatories and for reasonable expenses was served on him but not on Marge S. Kieffer; that copy of motion dated August 31, 1950, to strike answer of W. R. Kieffer and for judgment by default against Marge S. Kieffer, Administratrix aforesaid, was mailed to him; that statement of plaintiffs that service of this motion was had on Marge S. Kieffer, Administratrix, is false.

Plaintiffs then moved to strike Mr. Strite's motion to strike as aforesaid.

Plaintiffs nowhere contend that service of any of the various motions above mentioned was had on Marge S. Kieffer, Administratrix. Apparently their only point of disagreement with Mr. Strite is that they contend that on their motion for substitution he "filed a brief and contested the motion * * *." Mr. Strite denies this. I think it is not important. The record discloses that on August 21, 1946, this Court granted leave to Mr. Strite to withdraw his appearance for W. R. Kieffer; that on May 6, 1948, the Court dismissed the action against Marge S. Kieffer individually. There is nothing in the record to indicate any association of Mr. Strite with or for or on behalf of any of the parties litigant.

■ As to the motion of Edwin D. Strite, Esq., there is no appearance of record by Mr. Strite for Marge S. Kieffer, Administratrix of the Estate of W. R. Kieffer, Deceased. He indicates in his present motion that he is "appearing in propria persona for

himself and for no other person." I therefore feel that he is not in a position to move to strike. He is, however, entitled to that which was intended thereby, namely, to have the service of the various papers had on him set aside, as he was at the time of their service a complete stranger to the action. Accordingly,

Service on Edwin D. Strite, Esq., of interrogatories filed April 18, 1949, directed to Marge S. Kieffer, Administratrix, is set aside.

Service on Edwin D. Strite, Esq., of motion filed April 24, 1950, to compel Marge S. Kieffer, Administratrix, to answer interrogatories is set aside.

Service on Edwin D. Strite, Esq., of motion filed September 2, 1950, to strike the answers filed to the complaint by the original defendant, W. R. Kieffer, and enter judgment by default against Marge S. Kieffer as Administratrix of the Estate of W. R. Kieffer, Deceased, is set aside.

Plaintiffs' motions to compel answers to interrogatories; to enter judgment by default against Marge S. Kieffer as Administratrix of the Estate of W. R. Kieffer, Deceased, and to strike answers of W. R. Kieffer are moot; no proper service having been had on Marge S. Kieffer, Administratrix, these motions are not before us and therefore call for no action.

Plaintiffs' motion to strike motion of Edwin D. Strite, Esq., to strike is refused.

Plaintiffs' motion for order requiring defendant to pay to plaintiffs reasonable expenses is refused.