# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SC&A CONSTRUCTION, INC., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. No. 10528-VCG |
| | ) | |
| CHARLES POTTER, JR. and VELDA | ) | |
| C. JONES-POTTER, husband and wife | ) | |
| and residents of the State of Delaware, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

Date Submitted: February 25, 2019
Date Decided: March 5, 2019

Donald L. Logan and Victoria K. Petrone, of LOGAN & PETRONE, LLC, New Castle, Delaware, *Attorneys for Petitioner*.

Samuel L. Guy, of SAMUEL L. GUY, ATTORNEY AT LAW, Wilmington, Delaware, *Attorney for Respondents*.

GLASSCOCK, Vice Chancellor

This matter originally came before me on the Petitioner's request to confirm an arbitrator's award in favor of SC&A Construction, Inc. ("SC&A") and against Charles Potter, Jr. and Velda C. Jones-Potter (the "Potters"). That arbitration was pursuant to a construction contract for work purportedly performed by SC&A on the Potters' home. The Final Award of Arbitrator (the "Arbitrator's Award"), dated September 23, 2014, is attached as Exhibit "A" to this Memorandum Opinion. I confirmed the Arbitrator's Award by Order of January 6, 2016. The Potters appealed the matter, and our Supreme Court affirmed on September 7, 2016. Thereafter, this matter was closed. By Order of August 2, 2018, I reopened this matter at SC&A's request, in order to hear its current motion to enter a supplemental order. The form of supplemental order attached to the "Petitioner's Motion to Reopen the Case and For Entry of an Order Transferring Judgment to the Superior Court" is attached as Exhibit "B" to this Memorandum Opinion. Upon consideration, the Motion to Reopen the case was improvidently granted, and the balance of SC&A's Motion is denied.

## I. BACKGROUND

This matter is, I believe, among the most procedurally complex with which I have been involved in my years on the bench. What follows is the briefest of adumbrations of the procedural history. As described above, SC&A entered a contract with the Potters for construction work on their home in Wilmington. The

Potters were dissatisfied with the work, and declined to make payments under the contract. SC&A pursued contractual arbitration and obtained the Arbitrator's Award attached as Exhibit "A." SC&A then sought a mechanic's lien in Superior Court. That matter was stayed while SC&A attempted to confirm the Arbitrator's Award in this Court. As described above, I confirmed the Arbitrator's Award by Letter Order. The Potters appealed that final Order to the Supreme Court. SC&A did not seek a clarification of my Order. Nor did they assert to the Supreme Court that further motion practice in this Court and a modified order were necessary to their purposes, and that the matter should therefore be dismissed as an interlocutory appeal. The Supreme Court accepted the appeal as an appeal of a final order, considered the matter on the parties' briefs, and affirmed my confirmation of the arbitration award.

SC&A then pursued its mechanic's lien action, using the Arbitrator's Award as confirmed by my Order. SC&A obtained a judgment for the amount of the principal (with interest) in the Arbitrator's Award against the Potters, a judgment that, according to the parties, has been satisfied.

At some point thereafter, SC&A asserts that it attempted to reduce my confirmation Order to a second judgment, for those parts of the Arbitration Award that allowed SC&A its attorneys' fees and procedural costs before the Arbitrator. According to SC&A, these had not been appropriate subjects of the mechanic's

2

lien action, and it therefore needed to pursue another judgment for the roughly $14,000 in fees and costs awarded by the Arbitrator. SC&A alleges that the Prothonotary refused to reduce my confirmation of the Arbitrator's Award to a second judgment, because my Order did not break out the award into damages amenable to the mechanic's lien action, and other sums. At least, that is my understanding of what SC&A has attempted to explain to me about the Prothonotary's position. As a result, SC&A requested that I reopen the case and issue the supplemental order represented in Exhibit "B."[1]

## II. ANALYSIS

This matter came before me for a very limited purpose: to confirm an arbitration award. My review of an arbitrator's award is necessarily limited—otherwise, binding arbitration itself would be of limited utility. On January 6, 2016, I issued an order confirming the Arbitrator's Award, attached at exhibit "A," in full. SC&A did not seek a clarification of that Letter Order, nor did it seek a supplemental order specifically referring to components of the Arbitrator's Award. When the Potters appealed this matter, SC&A did not indicate to the Supreme Court that the matter was interlocutory and that it would be seeking a final order in

---

[1] Again, this is the briefest of adumbrations of the procedural history of this matter, based on Counsels' explanation at Oral Argument. It omits proceedings described to me by counsel outside of this Court except those necessary to understand this motion, including appeals of Superior Court actions to the Supreme Court.

a form different from that under appeal.[2] If it had, the Potters could have opposed entry of such an order before me, to the extent they found appropriate. They could have then made the same arguments to the Supreme Court on appeal. In actual fact, however, both parties treated my Letter Order as a final order, as did apparently the Supreme Court.

SC&A had initially sought recovery via a mechanic's lien action in Superior Court. It was at the direction of that Court, I presume, that the mechanic's lien matter was stayed while SC&A sought confirmation of the Arbitration Award. After receiving my confirmation of that award, affirmed by the Supreme Court, SC&A returned to the Superior Court and successfully prosecuted the mechanic's lien action to a judgment, which has been satisfied. The question before me is, having chosen to pursue the litigation in the manner it did, may SC&A successfully request to reopen this matter and have a modified order issued, so that it can proceed to reduce it to an *in personam* judgment in the Superior Court for its legal fees and costs in the arbitration action? I think the answer is no. The form of order sought by SC&A, attached at exhibit "B," represents relief not requested during the course of this litigation. The Potters strenuously opposed entry of the order for a variety of reasons by, including that the parties intended the satisfaction of judgment in the mechanic's lien action to be in complete satisfaction of all

---

[2] *See* Del. Sup. Ct. R. 42.

4

issues raised in connection with their contract with SC&A. I am unable, on this record, to tell whether any of the Potters' purported defenses have merit; I can tell, however, that should I enter the order, due process would require them to be able to test the order's validity in a Supreme Court appeal. The parties, however, implicitly represented to the Supreme Court in the 2016 appeal from my confirmation of the Arbitration Award that the Order was final. I believe that I am procedurally barred from making any substantive amendment to my Final Order of January 6, 2016.[3] To the extent I have discretion to do so, I decline to exercise it.

## III. CONCLUSION

Piecemeal litigation in the manner pursued here is unfair to the litigants and inimical to judicial efficiency. SC&A chose a litigation strategy and pursued it, successfully. It must, however, be bound to the strategy it chose. Either my Final Order of January 26, 2016 was satisfactory to its purposes, or it was not. If the latter, the time for challenging that Order has long past.[4] Accordingly, the

---

[3] For example, in an analogous situation, when faced with a motion for reargument, Vice Chancellor Parsons found that the Court could not modify an order that the Supreme Court had already affirmed in its entirety. *Nevins v. Bryan*, 2006 WL 205064, at * 3 (Del. Ch. Jan. 20, 2006) ("Shortly thereafter, the Supreme Court affirmed the May Order in its entirety, including my decision denying Nevins' request for attorneys' fees. Therefore, the May Order that Plaintiff's motion for reargument ultimately seeks to modify is now a final, nonappealable order binding upon Nevins. This Court cannot modify that Order.").

[4] *See Tracey v. Franklin*, 70 A.2d 250, 513 (Del. 1949) ("It was then that he should have sought permission [to] amend by alleging any other circumstances of which he was aware and which might affect the ruling of that Court. Instead, plaintiff appealed at once. We regard this action of the plaintiff as an election to be bound by the final decision upon those facts which were before the lower Court. . . . To permit him to amend now under the circumstances of this case would tend unduly to protract the course of litigation, without corresponding advantage or benefit. This

5

Petitioner's Motion seeking entrance of the Order attached at Exhibit "B" is denied.

An appropriate Order is attached.

---

plaintiff had an opportunity, immediately after the decision of the Court below, to bring before that Court the matters he now wishes to introduce but, instead of doing so, he elected to appeal. Public policy demands that there should be a finality of litigation.").

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| SC&A CONSTRUCTION, INC., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) C.A. No. 10528-VCG |
| | ) |
| CHARLES POTTER, JR. and, VELDA | ) |
| C. JONES-POTTER, husband and wife | ) |
| and residents of the State of Delaware, | ) |
| | ) |
| Respondents. | ) |

## ORDER

AND NOW, this 5th day of March, 2019,

The Court having considered Petitioner's Motion to Reopen the Case and for Entry of An Order Transferring Judgment to the Superior Court, and for the reasons set forth in the Memorandum Opinion dated March 5, 2019, IT IS HEREBY ORDERED that:

1. Petitioner's Motion is DENIED.

SO ORDERED.

/s/ Sam Glasscock III

Vice Chancellor

EFiled: Aug 21 2015 09:42PM EDT
Transaction ID 57754112
Case No. 10528-VCG

**AMERICAN ARBITRATION ASSOCIATION**
**Construction Arbitration Tribunal**

In the Matter of the Arbitration Between:  :

                                 :

SC&A CONSTRUCTION, INC.         :

                                 :      CONSTRUCTION

                                 :      Regular Track

             Claimant        :

                 and          :

                                 :      No. 14 527 00066 13/14-20-1300-0066

CHARLES & VELDA POTTER      :

                                 :

            Respondents    :

## FINAL AWARD OF ARBITRATOR

      I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement between the above-named parties and dated May 12, 2011, and having been duly sworn, and having fully considered the testimony, evidence and documents presented at the hearings held in this matter on May 13, 2014, May 14, 2014, May 16, 2014, May 20, 2014, May 21, 2014, May 22, 2014, June 12, 2014 and June 13, 2014, and having observed existing construction conditions at a project site visit on June 17, 2014, do hereby **FIND** and **AWARD** as follows:

Claimant represented by Donald Logan, Esq.
Respondents represented by Samuel Guy, Esq.

      1.     On Claimant's breach of contract claim against Respondents, I find in favor of Claimant and against Respondents in the amount of **$86,544.78**, plus continuing interest @ 1.5% per month from October 1, 2014 until receipt of final payment at **$30.49 per day**, which amount has been computed as follows:

### Contract Items

| | | |
|---|---|---|
| (1) | Contract balance due (Exhibit C-10 Payment Applications and Certificates for Payment) | $61,823.74 |
| (2) | Interest @ 1.5% per month (Agreement, ¶4.1.5) from July 10, 2012 (Agreement ¶4.1.3) to September 30, 2014 | $24,721.04 |
| (3) | Continuing interest @ 1.5% per month from October 1, 2014 until receipt of final payment | $30.49 per day |

2.      On Respondents' Counterclaims against Claimant, I find in favor of Claimant and against Respondents as follows:

| (1) | Roof replacement | $ - 0 - |
|-----|------------------|---------|
| (2) | Nullification of previously approved payments | $ - 0 - |
| (3) | Summary table of damages ($270,741.00) requested in Respondents' closing brief | $ - 0 - |

3.      Claimant's motion for attorney's fees is **GRANTED** in the amount of $10,500.00.

4.      All Other claims, defenses and counterclaims of the parties are **DENIED**.

Accordingly, I **AWARD** as follows:

(1)     **Respondents shall pay to Claimant the amount of Eighty-Six Thousand Five Hundred Forty-Four Dollars and Seventy Eight Cents ($86,544.78) plus continuing interest @ 1.5% per month from October 1, 2014 until receipt of final payment at $30.49 per day;**

(2)     **Respondents shall pay to Claimant attorney's fees in the amount of $10,500.00.**

5.      Upon receipt of full and final payment of this Award, Claimant shall take all necessary and appropriate steps to cause satisfaction and discharge of the Mechanics' Lien Claim filed against Respondents in the Superior Court in the State of Delaware in and for New Castle County, Case No. N12L-09-0222 DCS (Exhibit C-1).

6.      The administrative fees of the American Arbitration Association totaling $7,925.00 and the compensation and expenses of the Arbitrator totaling $28,423.84 shall be apportioned between the parties, 30% to the Claimant and 70% to the Respondents, and paid as directed by the Association. Therefore, Respondents shall reimburse Claimant the sum of $4,582.26, representing that portion of said fees previously incurred and paid by Claimant.

This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby **DENIED**.

Date: 9/23/2014

E. Gerald Donnelly, Jr.
Arbitrator

EFiled: Jul 25 2018 04:00PM EDT
Transaction ID 62275044
Case No. 10528-VCG

# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

SC&A CONSTRUCTION, INC. )
 a Delaware corporation, ) C.A. : 10528-VCG
 )
 Petitioner, )
 vs. )
 )
CHARLES POTTER, JR. and )
VELDA C. JONES-POTTER, husband and )
wife and residents of the State of Delaware, )
 )
 Respondents. )

## ORDER

AND NOW, this _____ day of _____ 2018, the Court having issued its Letter Decision dated January 6, 2016, IT IS HEREBY ORDERED that:

1. This case is re-opened; and

2. Judgment is entered in favor of SC&A Construction, Inc. and against Charles Potter and Velda C. Jones-Potter, individually, in the amount of $15,082.26 (representing attorney's fees in the amount of $10,500.00 and administrative fees in the amount of $4,582.26; the principal judgment amount of $86,544.78 and interest having already been paid). The effective date of the judgment shall be September 23, 2014. The judgment shall be transferred to the Superior Court of New Castle County for execution.

IT IS SO ORDERED.

_____
Vice Chancellor Sam Glasscock III